# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JACQUELINE CHEATOM | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | NO. 19-4803 |
| CITY OF PHILADELPHIA | : | |

## MEMORANDUM

**KEARNEY, J.**  January 17, 2020

Congress requires an employee alleging her employer's gender discrimination and retaliatory discipline must exhaust an administrative claim with the Equal Employment Opportunity Commission and, if she wishes to proceed on her Pennsylvania claims, the Pennsylvania Human Relations Commission. Her retaliation claims must arise from adverse action causally related to her protected activity such as complaining about discrimination at work. When, as today, the employee pursues claims under Pennsylvania Law but does not plead exhaustion before the Pennsylvania Human Relations Commission, we may not allow her to proceed on the Pennsylvania claims without amending her complaint to show exhaustion. And when she claims her manager disciplined her in retaliation for her complaints three years earlier, we must examine whether we can plausibly infer a causal connection between the alleged 2018 retaliation for her 2015 protected activity. A conclusory pleading of 2018 discipline in retaliation for a 2015 complaint does not suffice. In an accompanying Order, we dismiss the employee's Pennsylvania Law and retaliation claims with leave to timely amend to plead exhaustion of her Pennsylvania claim and a retaliation claim if she can plead continuing antagonism or other facts allowing us to plausibly infer a causal connection between a 2015 complaint and 2018 retaliation.

**I.  Alleged facts**

Jacqueline Cheatom worked for the City of Philadelphia's Department of Human Services as a Youth Development Counselor II for the past eighteen years.[1] In 2013, the City assigned Ms. Cheatom to the highly sought-after "Post" position in the Philadelphia Juvenile Justice Service Center admission area.[2] At some unplead time, Youth Detention Shift Manager Normal Bell accused Ms. Cheatom of abandoning her position, and the City removed Ms. Cheatom from the Post.[3] Ms. Cheatom reapplied for the position over a number of years.[4] She claims, during this time, the City appointed similarly situated male Youth Detention Counselors while denying her requests.[5] Ms. Cheatom filed two charges of gender discrimination with the Equal Employment Opportunity Commission in 2011 and 2014.[6] She claims to have grieved her denial of a Post position to Department of Human Services Commissioner, Vanessa Garret Harley, accusing Manager Bell of gender discrimination. Her complaints caused the City to place her back in the Post position in 2015.[7]

Since her 2015 reinstatement, Manager Bell has continued to discriminate against her on the basis of gender and retaliated against her for complaining about his conduct.[8] Outside of this conclusion, Ms. Cheatom cites two instances of discipline in Spring 2018. Manager Bell imposed "unwarranted and improper disciplinary lateness charges" in Spring 2018 against her resulting in docked pay.[9] Manager Bell did not impose disciplinary lateness charges on similarly situated male coworkers not engaged in protected activity.[10] At unplead times, Manager Bell manipulated her time records resulting in pay loss, impacting sick and vacation time accrual, and subjecting her to discipline.[11] Manager Bell did not manipulate the time records of Ms. Cheatom's similar situated male coworkers who did not engage in protected activity.[12] Manager Bell harassed her at unplead

2

times by assigning her to non-Post duties in violation of the City's policies and threatening her with disciplinary action.[13]

Ms. Cheatom filed a charge of discrimination with the Equal Employment Opportunity Commission on September 18, 2019.[14] It appears Ms. Cheatom dual filed with the Pennsylvania Human Relations Commission but did not plead dual filing.[15] Ms. Cheatom is now suing the City of Philadelphia for gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Rights Act although she does not plead dual-filing of an administrative charge with the Pennsylvania Human Rights Commission. She timely sued alleging, among other things, the City imposed "discipline in retaliation for opposing unlawful sex discrimination."[16]

## II. Analysis[17]

Ms. Cheatom alleges the City retaliated against her for opposing alleged gender discrimination under Title VII and the Pennsylvania Human Relations Act.[18] The City argues Ms. Cheatom's retaliation claim fails because she did not identify a causal nexus between her 2015 protected activity and subsequent retaliatory actions in 2018.[19] We agree with the City but grant Ms. Cheatom leave to amend to plead a causal connection and confirm she dual-filed with the Pennsylvania Human Rights Commission.

To proceed on a Title VII retaliation claim, Ms. Cheatom must plead, "(1) she engaged in protected activity; (2) the employer engaged in conduct constituting an adverse action either contemporaneous with or after the protected activity; and (3) a causal connection between the protected activity and the adverse action."[20] The parties disagree as to whether Ms. Cheatom plead a causal connection between 2015 protected conduct and adverse 2018 discipline. The Supreme Court directs, "Title VII retaliation claims must be proved according to traditional principles of

3

but-for causation...[t]his requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."[21] Courts may rely on "a broad array of evidence" to demonstrate a causal connection.[22] Such evidence includes, "an employer's inconsistent explanation for taking adverse employment action, a pattern of antagonism, or temporal proximity 'unusually suggestive of retaliatory motive.'"[23] The record looked at as a whole may also be sufficient to suggest retaliation.[24] Though there is no set timeline for sufficiently close temporal proximity, our Court of Appeals has found a temporal proximity of two days is unusually suggestive of causation, but ten days or greater requires additional evidence of retaliatory animus.[25]

Where the temporal proximity is not sufficiently close to imply causation, our Court of Appeals applies a "timing plus other evidence" test.[26] To meet the "timing plus evidence" test, a plaintiff must allege additional facts to support an inference of causation. For example, in *Boyer v. The City of Philadelphia, et al.*, Judge DuBois found a plaintiff plead a sufficient pattern of antagonism where alleged retaliatory conduct including increased and unjustified discipline, suspension without pay, and discharge occurred over the fifteen months between the protected activity and plaintiff's termination.[27] In *Brugh v. Mount Aloysius College*, Judge Gibson found sufficient indirect evidence where defendants subjected plaintiff to retaliatory comments during the year leading up to his termination.[28] A court may also infer a causal connection if the adverse action occurs at the defendant's first opportunity to retaliate.[29]

By contrast, in *Henderson v. Edens Corporation*, Judge Baylson granted a motion to dismiss because a plaintiff's complaint and exhibits did not allege facts to suggest a causal connection between a 2006 Equal Employment Opportunity Commission complaint and 2007 amount of wage increase.[30] Our Court of Appeals also concluded a plaintiff did not plead sufficient

4

facts showing retaliatory conduct during a two-year period between his protected activity and voluntary resignation in *Blakney v. City of Philadelphia*.[31]

Ms. Cheatom does not plead discipline contemporaneous with her 2015 protected activity. She also does not plead a causal connection between 2018 discipline and her protected activity. Ms. Cheatom plead charges of discrimination with the Equal Employment Opportunity Commission in 2011 and 2014 and a grievance with Department of Human Services Commissioner at an unknown time before regaining her Post position in 2015.[32] She pleads no other protected activity. Ms. Cheatom alleges Manager Bell first retaliated against her in May and June 2018 for making complaints by manipulating her time records, assigning her non-Post duties, and threatening her with discipline.[33] This three-year gap between Ms. Cheatom's protected activity and the first instances of discipline action does not plead the required temporal proximity illustrating a causal connection.

In the absence of sufficiently close temporal proximity, Ms. Cheatom does not plead evidence of ongoing antagonism. She does not allege retaliatory action during the three-year period between her 2015 protected activity and the 2018 discipline. She does not allege facts allowing a reasonable inference Manager Bell's first opportunity to retaliate against Ms. Cheatom occurred three years after she complained to the Department of Human Services Commissioner. Ms. Cheatom fails to plead sufficient facts to support an inference of causation.

But she may be able to do so. We allow her leave to timely amend to plead facts showing a basis for retaliation and to plead a dual-filing in Pennsylvania.

5

## III. Conclusion

Ms. Cheatom fails to plead exhausting her Pennsylvania claims. She also fails to plead a retaliation claim as she does not identify a causal connection between the alleged 2018 discipline and her 2015 protected activity. We grant the City's motion to dismiss Ms. Cheatom's Pennsylvania and retaliation claims without prejudice and with leave to timely amend.

---

[1] ECF Doc. No. 1 ¶ 8. We use the pagination assigned by the CM/ECF docketing system.

[2] *Id.* at ¶ 10.

[3] *Id.* at ¶ 11.

[4] *Id.* at ¶ 12.

[5] *Id.*

[6] *Id.* at ¶ 13.

[7] *Id.* at ¶ 14.

[8] *Id.* at ¶ 15.

[9] *Id.* at ¶ 16.

[10] *Id.* at ¶ 17.

[11] *Id.* at ¶ 18.

[12] *Id.* at ¶ 19.

[13] *Id.* at ¶ 20.

[14] *Id.* at ¶ 21.

[15] ECF Doc. No. 5.

[16] ECF Doc. No. 1 at ¶ 23.

[17] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences [potentially] drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content [allowing] the court to draw the reasonable inference [] the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[18] ECF Doc. No. 1 at 4.

[19] ECF Doc. No. 4 at 8.

[20] *Jones v. SEPTA*, 796 F.3d 323, 330 (3d Cir. 2015).

[21] *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

[22] *Carvalho-Grevious v. Delaware State Univ.*, 851 F.3d 249, 260 (3d Cir. 2017).

[23] *Id.*

[24] *Id.* (citing *Kachmar v. SunGard Data Sys.*, 109 F.3d 173, 177 (3d Cir. 1997)).

[25] *Blankley v. City of Philadelphia*, 599 Fed. Appx. 183, 186 (3d Cir. 2014).

[26] *See Henderson v. Edens Corp.*, No. 09-1308, 2015 WL 4977189, at *9 (E.D. Pa. Aug. 20, 2015).

[27] *Boyer*, No. 13-6495, 2015 WL 9260007, at *3-4 (E.D. Pa. Dec. 17, 2015).

[28] *Brugh*, No. 3-1771, 2017 WL 5634984, at *6 (W.D. Pa. Nov. 21, 2017).

[29] *See Lipschultz v. Holy Family Univ.*, No. 15-5760, 2017 WL 1331731, at *8 (E.D. Pa. Feb. 17, 2019) (concluding a causal connection existed despite a fourteen-month gap between a protected activity and an adverse action because a defendant waited until the first opportunity it had to retaliate and gave inconsistent reasons for plaintiff's termination). *Compare Katchur v. Thomas Jefferson University*, 354 F. Supp. 3d 655, 670 (E.D. Pa. Jan. 18, 2019) (granting a motion to dismiss because the alleged facts did not support the inference defendant's first opportunity to retaliate against the plaintiff occurred three months after the protected activity).

---

[30] *Henderson*, 2015 WL 4977189, at *9.

[31] *Blankley*, 599 Fed. Appx. at 186.

[32] ECF Doc. No. 1 ¶¶ 13-14.

[33] *Id.* at ¶ 20.